INTERNATIONAL TIME RECORDING CO.
v. HART ENTERPRISE ELECTRICAL
CO., INC.

———

(June 8, 1931. Opinion and Decree.)
(July 1, 1931. Rehearing Refused.)

———

Dart & Dart and Leo L. Dubourg, of New Orleans, attorneys for plaintiff, appellee.

Lemle, Moreno & Lemle, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. This is a suit on an open account. Plaintiff alleges that the Hart Enterprise Electrical Company, Inc., purchased certain merchandise amounting to $3,146.89; that it paid on account thereof $2,826.89, leaving a balance of $319.91, which was subject to a credit of $40, reducing its claim to $279.91, for which amount this suit was brought. Attached to its petition was an itemized statement together with invoices covering the various items supporting its claims.

Defendant answered admitting the purchase of the merchandise but denying any liability on the ground that a compromise had been effected, which, under the prevailing circumstances, relieved it of any obligation to plaintiff.

There was judgment below in plaintiff's favor as prayed for, and defendant has appealed.

Among the articles of merchandise sold plaintiff were four "heavy duty clock movements," for $92. For some reason these clock movements were not delivered promptly and are not among the items which go to make up the account on which this suit is based. A dispute arose as to whether the company, when delivery was finally made, would ship clock movements of the kind and quality which had been ordered, for the sum of $92. The defendant insisted that the amount for which these movements had been sold to it was below the market, other manufacturers charging $260 instead of $92, and declined to make settlement without the delivery of the clock movements. However, through the intervention of counsel, representing both parties, it was agreed that defendant might retain out of the amount due plaintiff the sum of $260, and check was accordingly mailed to Messrs. Dart & Dart, plaintiff's counsel, for the sum of $2,826.98. This check was inclosed in the following letter:

"January 19, 1929.
"Dart & Dart, Attorneys,
"Canal Bank Building,
"New Orleans, La.
"Gentlemen: Attention: Mr. Louis C. Guidry"
"Enclosed please find check ⊬10279 amounting to $2826.98 in accordance with our settlement, it being understood that the balance of $260.00 remains due on this account pending the decision of the factory regarding the return of the four heavy duty clock movements.
"Very truly yours,
"Hart Enterprise Electrical Co., Inc.,
"By M. E. Hart, President."

Printed on the reverse of the check was the following legend: "This check is hereby accepted by the payee in full payment of the within account and indorsed as follows:"

The check also contained in typewriting the following: "For account of International Time Recording Co. in full to date."

This letter and check are relied on as establishing the compromise in compliance with the provisions of article 3071, R. C. C., requiring a compromise to be in writing.

The clock movements were not delivered to defendant as promptly as desired and when tendered were refused, the petition stating that they are on hand and are ready for delivery, but that since defendant declines to accept same that item of the order has been treated as canceled. Defendant's position is that the letter and check evidences an agreement whereby the failure to deliver the clock movements promptly, permitted it to retain the $260. The plaintiff, on the other hand, maintains that the $260 was in the nature of a deposit left with defendant to guaranty the delivery of the four heavy duty clock movements for the sum of $92; that it had not charged defendant company for the movements, and since delivery has been declined the retention of the $260 cannot be justified because it is ready and willing to deliver the clock movements upon payment of the $92.

Mr. Hart, the president of the defendant company, admitted on the stand that the misunderstanding arose over the payment of the $92, it being his understanding that he was to obtain the clock movements and pay the $260 if they lived up to the original specifications, but not $352.

The transaction, it must be admitted, is not very clear, and we are unable to determine how, in view of the letter we have been discussing, plaintiff's claim should be $279.91 instead of $260, nor is there any explanation of why defendant's check should be drawn for $2,826.98 and credit given for $2,826.89. We also find that in subsequent correspondence counsel representing plaintiff refer to the $260 retained by defendant as $262.

However, it is apparent that when the check for $2,826.98 was given there admittedly remained due to plaintiff by defendant the sum of $260; no charge having been made for the heavy duty clock movements. We can find no reasonable explanation of the retention of $260 to protect a purchaser concerning the quality of an item valued at only $92, for which he had not been charged. Mr. Hart, the defendant's president, who testified that the difficulty arose over the insistence upon the payment of $92, does not explain why a dispute as to $92 would justify the retention of $260; the difference between $260 and $92 being $168.

The conclusion we have reached, albeit with none too much confidence, is that plaintiff should have judgment for $260 and not $279.91, consequently, the judg-

ment appealed from will be amended by reducing the amount awarded plaintiff to $260; the costs of the lower court to be paid by defendant and of this court by plaintiff, and as thus amended, it is affirmed.

JANVIER, J., takes no part.